IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO BENITO CHANG,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN FRANCISCO STATE UNIVERSITY,<br><br>    Defendant.<br>_____/ | No. C-09-1607 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

   Before the Court is defendant Board of Trustees of the California State University's motion to dismiss, filed June 23, 2009. Plaintiff Gerardo Benito Chang has filed opposition, to which defendant has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for July 31, 2009, and rules as follows.

**DISCUSSION**

   In the instant action, plaintiff alleges four "counts" of "discriminatory treatment," as well as "counts" of negligence, breach of contract, and "fraud in contract," all arising out of what plaintiff describes as the "pedagogy, curricula, practices, incompetent staff, and discriminatory treatment of a segment of the student body" at the California State University, San Francisco. (See Compl. ¶ 5.) In particular, plaintiff alleges, he is being

---

[1] Defendant's reply was filed July 22, 2009 and thus was untimely. See Civ. L.R. 7-3(c) (providing "[a]ny reply to an opposition must be served and filed by the moving party not less than 14 days before the hearing date"). Even if the Court were to disregard such reply, however, the result herein would remain unchanged.

taught by individuals who lack "requisite core competencies" (see id. ¶ 13), whereas other students "are not subjected to the same treatment as they have competent teaches and useful textbooks and reference materials" (see id. ¶ 47).

By its motion, defendant seeks dismissal of the instant action, on the ground that defendant is an agency of the State of California, and, consequently, is immune from suit under the Eleventh Amendment to the United States Constitution.[2]  Pursuant to the Eleventh Amendment, "[s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity."  See Green v. Mansour, 474 U.S. 64, 68 (1985).  As defendant points out, immunity under the Eleventh Amendment extends both to states themselves as well as to state agencies and departments.  See Pennhurst State Sch. & Hosp., 465 U.S. 89, 100 (1984) (holding "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").  For purposes of the Eleventh Amendment, the Board of Trustees of the California State University is an "arm" of the State of California and thus is covered by the Amendment.  See Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).

Here, plaintiff does not argue that the State of California has consented to be sued on any of the claims asserted in plaintiff's complaint.  Moreover, to the extent plaintiff's claims arise under federal law, they appear to be brought under 42 U.S.C. § 1983,[3] which

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  See U.S. Const. amend. XI.  Although the Amendment's language "expressly encompasses only suits brought against a [s]tate by citizens of another [s]tate," the Supreme Court has "held that the Amendment bars suits against a [s]tate by citizens of that same [s]tate as well."  See Papasan v. Allain, 478 U.S. 265, 271 (1986).

[3] Each of plaintiff's "counts" of "discriminatory treatment" refers to treatment or conduct "under color" (see Compl. ¶¶ 47, 50, 56, 62), which the Court construes as a reference to the language of § 1983.  See § 1983 (referring to action "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia").

statute does not "overturn the constitutionally guaranteed immunity of the several [s]tates." See Quern v. Jordan, 440 U.S. 332, 341-42 (1979).

Accordingly, defendant's motion to dismiss will be granted.

The Court notes, however, that in his opposition, plaintiff appears to attempt to assert claims under, inter alia, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.[4]  Although no such claims are alleged in plaintiff's complaint, the Court will afford plaintiff an opportunity to file an amended complaint asserting such claims.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED, with leave to file, no later than August 28, 2009, a First Amended Complaint.

**IT IS SO ORDERED.**

Dated:  July 27, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[4] Plaintiff also appears to attempt to assert claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.  As the instant action does not involve plaintiff's employment, however, such statute does not appear to be applicable herein.