United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO BENITO CHANG,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN FRANCISCO STATE UNIVERSITY,<br><br>    Defendants<br>_____/ | No. C-09-1607 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; VACATING OCTOBER 16, 2009 HEARING** |

      Before the Court is defendant California Board of Trustees for the California State University's ("CSU") Motion to Dismiss, filed September 3, 2009. Plaintiff Gerardo Benito Chang has filed opposition. Defendant did not file a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for October 16, 2009, and rules as follows.[1]

      In the operative pleading, titled Amended Complaint No. One ("FAC"), plaintiff alleges that during the "2008-2009 school year," he attended San Francisco State University, where he was provided with "unusable" textbooks, was taught classes by "incompetent staff," and was "made to take a quiz for material not covered in the Calculus

---

[1] The Case Management Conference remains as scheduled for October 16, 2009 at 10:30 a.m.

class." (See FAC ¶¶ 4, 16, 18, 22.) According to plaintiff, who states he has been diagnosed with "bipolar disorder" (see Pl.'s Declaration in Support of FAC ¶ 1), the above-described conduct constituted "discriminatory treatment, hostile environment, and barriers" (see FAC ¶¶ 6, 23). Based on the above allegations, plaintiff alleges five counts, four of which are brought under the Americans with Disabilities Act ("ADA") (see FAC ¶¶ 33, 36, 39, 42), and the fifth being a claim titled "tort - intentional disregard of disabilities" (see FAC ¶ 44).

In its motion to dismiss, CSU argues that because it is an agency of the State of California, it is immune from suit under the Eleventh Amendment to the United States Constitution. See Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982) (holding CSU is an "arm" of California for purposes of Eleventh Amendment).

"The Eleventh Amendment prohibits a private party from suing a nonconsenting state or its agencies in federal court." Hason v. Medical Board, 279 F.3d 1167, 1170 (9th Cir. 2002). "The Eleventh Amendment does not, however, prevent a private litigant from suing a state or its agencies in federal court where Congress has abrogated state sovereign immunity . . . ." Id.

Here, plaintiff's First through Fourth Counts arise under Title II of the ADA. See 42 U.S.C. § 12132 (providing "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"). "[I]n enacting Title II of the ADA Congress validly abrogated state sovereign immunity, and thus states and their agencies may be sued pursuant to Title II." Hason, 279 F.3d at 1170 (holding Eleventh Amendment no bar to suit against state agency under Title II).

Accordingly, CSU has failed to show it is entitled to dismissal of the First, Second, Third, or Fourth Counts.[2]

---

[2]The Court does not decide herein whether plaintiff has stated a claim under Title II of the ADA, as CSU has not raised that issue.

The Fifth Count, as noted, is a tort claim. The State of California and its agencies are entitled to immunity from state law claims. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 121 (1984) (holding "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment").

Accordingly, CSU is entitled to dismissal of the Fifth Count.

## CONCLUSION

For the reasons stated above, CSU's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent CSU seeks dismissal of the Fifth Count, the motion is GRANTED, and the Fifth Count is hereby DISMISSED without prejudice.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 7, 2009

_____
MAXINE M. CHESNEY
United States District Judge